**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REVERSE MORTGAGE FUNDING LLC, | ) | Case No. 22-11224 (MFW) |
| Debtor. | ) | |
| Tax I.D. No. 80-0860209 | ) | |
| In re: | ) | Chapter 11 |
| REVERSE MORTGAGE INVESTMENT TRUST INC., | ) | Case No. 22-11225 (MFW) |
| Debtor. | ) | |
| Tax I.D. No. 46-4013421 | ) | |
| In re: | ) | Chapter 11 |
| RMIT CASH MANAGEMENT LLC, | ) | Case No. 22-11226 (MFW) |
| Debtor. | ) | |
| Tax I.D. No. 38-3926241 | ) | |
| In re: | ) | Chapter 11 |
| RMIT OPERATING I LLC, | ) | Case No. 22-11227 (MFW) |
| Debtor. | ) | |
| Tax I.D. No. 37-1751844 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RMIT OPERATING II LLC, | ) | Case No. 22-11228 (MFW) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 61-1732301 | ) |  |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the District of Delaware (the "Court") maintain one file and one docket for all of the jointly administered cases under the case number assigned to Reverse Mortgage Investment Trust Inc., and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVERSE MORTGAGE INVESTMENT | ) | Case No. 22-11225 (MFW) |
| TRUST INC., *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§101–1532 (the "Bankruptcy Code") and rules 1005 and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Reverse Mortgage Investment Trust Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the joint administration of the chapter 11 cases of: Reverse Mortgage Funding LLC., Case No. 22-11224; Reverse Mortgage Investment Trust Inc., Case No. 22-11225; RMIT Cash Management LLC, Case No. 22-11226; RMIT Operating I LLC, Case No. 22-11227; and RMIT Operating II LLC, Case No. 22-11228. **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 22-11225 (MFW), and such docket should be consulted for all matters affecting these chapter 11 cases**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC (0209); RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301). The location of the Debtors' service address for purposes of these cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein is sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1005, 1015(b), and 2002(n), and Local Rule 1015-1.

**BACKGROUND**

7. Reverse Mortgage Investment Trust Inc., together with its debtor and non-debtor affiliates, is an originator and servicer of reverse mortgage loans. The Debtors, who have approximately 111 employees, assist senior American homeowners in accessing the unencumbered value of their real estate property. The Debtors originate, acquire, and service both Federal Housing Administration-insured Home Equity Conversion Mortgage ("HECM") loans and proprietary (non-agency) reverse mortgage loans, and they also securitize such reverse mortgage loans in Ginnie Mae ("GNMA") guaranteed and private label securitization vehicles. The Debtors are one of the largest originators of reverse mortgage loans in the United States.

8. On November 30, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in these chapter 11 cases. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the *Declaration of Tanya Meerovich, Chief Restructuring Officer in Support of Chapter 11 Filings and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

## BASIS FOR RELIEF

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors consist of a group of "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

11. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g., In re FTX Trading LTD., et al.*, No. 22-11068 (JTD) (Bankr. D. Del. Nov. 22, 2022) (authorizing joint administration of chapter 11 cases); *In re Kabbage, Inc.*, No. 22-10951 (CTG) (Bankr. D. Del. Oct. 4, 2022) (same); *In re Packable Holdings, LLC f/k/a Entourage Commerce, LLC*, No. 22-10797 (JTD) (Bankr. D. Del. Aug. 30, 2022) (same); *In re OSG Group Holdings, Inc.*, No. 22-10718 (JTD), (Bankr. D. Del. Aug. 9, 2022) (same); *In re First Guaranty Mortgage Corp., et al.*, No. 22-10584 (CTG) (Bankr. D. Del. July 1, 2022) (same).[1]

13. As further detailed in the First Day Declaration, given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow

---

[1] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

6

the U.S. Trustee and all parties-in-interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties-in-interest.

## **NOTICE**

15. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Pre-petition Lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Government National Mortgage Association; (h) the Federal Housing Administration; (i) the United States Department of Housing and Urban Development; (j) the attorneys general in the states where the Debtors conduct their business operations; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

16. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 30, 2022
      Wilmington, Delaware

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

  /s/   Jennifer R. Hoover
Michael J. Barrie (DE No. 4684)
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: mbarrie@beneschlaw.com
       jhoover@beneschlaw.com
       kcapuzzi@beneschlaw.com
       jgentile@beneschlaw.com

*-and-*

**SIDLEY AUSTIN LLP**

Stephen Hessler (*pro hac vice* pending)
Thomas Califano (*pro hac vice* pending)
Anthony Grossi (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
      tom.califano@sidley.com
      agrossi@sidley.com

*Proposed Counsel to the Debtors*